Filed 2/17/16  P. v. Garza CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C077969 |
| v. | (Super. Ct. Nos. CRF141028, CRF101890) |
| RICARDO PENUNURI GARZA, SR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Ricardo Penunuri Garza, Sr., asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 110, 124.)

An information filed in June 2014 charged defendant with manufacturing concentrated cannabis (count 1; Health & Saf. Code, § 11379.6, subd. (a)); possessing methamphetamine for sale (count 2; Health & Saf. Code, § 11378); possessing cocaine

1

for sale (count 3; Health & Saf. Code, § 11351); possessing marijuana for sale (count 4; Health & Saf. Code, § 11359); possessing hydrocodone (count 5; Health & Saf. Code, § 11350, subd. (a)); and selling methamphetamine (count 6; Health & Saf. Code, § 11379, subd. (a)).  As to all counts, the information alleged defendant committed the offense for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)).[1] As to counts 1, 2, 3, and 6, the information alleged defendant had a prior conviction for violating Health and Safety Code section 11378.  As to counts 2 and 3, the information alleged that due to that prior conviction, probation was prohibited. Lastly, the information alleged defendant had sustained a prior serious felony conviction that was also a strike, namely a 2012 conviction for violating section 186.22, subdivision (a).

In July 2014, defendant entered into a plea agreement whereby he pleaded no contest to count 1 and admitted the street gang enhancement and the prior strike, in return for the promise of an aggregate term of 10 years in state prison (3 years for count 1, doubled for the strike, plus 4 years for the gang enhancement), with all other counts and enhancements to be dismissed.  Defendant understood the manufacturing conviction with the gang enhancement was a strike.

As part of the plea agreement, defendant also admitted a violation of probation in a prior case, No. 10-1890, understanding any sentence imposed in that case would run concurrent to the sentence in defendant's present case.

The preliminary hearing transcript provided the stipulated factual basis for defendant's plea in the present case.  On June 12, 2013, in West Sacramento, defendant sold methamphetamine to an undercover informant.  A search of defendant's residence located two ounces of honey oil (concentrated cannabis), soda bottles containing

---

[1]    Undesignated statutory references are to the Penal Code.

marijuana shake, with holes in the tops of the lids and coffee filters on the bottom, and three cases of butane, along with other drugs and indicia of possession for sale. An expert on the manufacture of honey oil testified the items found in defendant's residence were consistent with the butane manufacturing process, and defendant admitted having manufactured honey oil using that process. A gang expert opined that if a suspect were a member of the Norteño gang and committed the crimes charged, the suspect's actions would have been done for the benefit of the gang.[2]

On September 23, 2014, the trial court imposed the previously agreed 10-year state prison sentence, with the 2-year term on defendant's prior case to run concurrent. The court awarded defendant 408 days of presentence custody credit (204 actual days and 204 conduct days) in the present case, and 12 days (6 actual days and 6 conduct days) in the prior case. The trial court also imposed various fines, fees, and assessments.

Defendant appeals.

Appointed counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[2] The People did not offer evidence at the preliminary hearing that defendant was a member of the Norteño gang. However, in defendant's prior case, he was convicted of criminal street gang activity (§ 186.22, subd. (a)) based on his participation in a brawl along with other known Norteño gang members.

3

DISPOSITION

The judgment is affirmed.

/s/
HOCH, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
BUTZ, J.